```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                       NORTHERN DIVISION


CIVIL ACTION NO. 2:20CV41 (WOB)


TASYA KENNEDY                                      PLAINTIFF

VS.                  MEMORANDUM OPINION AND ORDER


CAMBRIDGE SQUARE OF COVINGTON,
LIMITED PARTNERSHIP, ET AL.                       DEFENDANTS
```

This matter is before the Court on defendants' motion for summary judgment and to have requests for admissions deemed admitted. (Doc. 14).

When plaintiff did not file a response to this motion, the Court ordered that she do so by October 12, 2020, cautioning that a failure to respond may be cause for the Court to grant defendants' motion. (Doc. 15). Plaintiff has not complied with this Order.

The Court therefore issues the following Memorandum Opinion and Order.

*Factual and Procedural Background*

Plaintiff, represented by counsel, filed an action in Kenton Circuit Court on February 20, 2020, alleging a claim for negligence arising out of injuries she allegedly suffered when she fell on

ice while an invitee on defendants' premises in Covington, Kentucky. (Doc. 1-2).

Defendants timely removed the action to this Court on March 23, 2020. Plaintiff's counsel moved to withdraw, and the Court granted that motion on May 21, 2020. (Doc. 12). The Court gave plaintiff thirty days to secure new counsel or proceed *pro se*. (*Id.*). Plaintiff did not obtain new counsel.

Thereafter, defendants served on plaintiff discovery requests, including requests for admissions. (Doc. 13). Plaintiff did not respond to these requests.

On August 20, 2020, defendants filed the instant motion for summary judgment and motion to have the requests for admission be deemed admitted. (Doc. 14). As noted, plaintiff has not responded to this motion, despite having been ordered by the Court to do so.

### *Analysis*

Federal Rule of Civil Procedure 36(a)(3) provides that a matter that is the subject of a request for admission is admitted unless the party to whom the request is directed serves a written answer or objection thereto within 30 days.

"Rule 36 permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact." *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017) (citation omitted). "Further, '[a] matter admitted under this rule is conclusively established unless the

2

court, on motion, permits withdrawal or amendment of the admission.'" *Id.* (citing Fed. R. Civ. P. 36(b)).

The requests for admission that defendants served on plaintiff sought the following admissions: that the ice hazard was open and obvious to plaintiff; that the hazard was not hidden, obstructed from view, or concealed in any way prior to the incident; that plaintiff had visited the area of the premises many times and was familiar with it; that prior to the incident, plaintiff was distracted and failed to watch where she was going; that plaintiff had received warnings about the potential hazard and disregarded them; that plaintiff was not required to take the path through the parking lot; and that plaintiff was aware of the potential for snow and ice in the parking lot and she assumed the risk of those potential hazards. (Doc. 14-9 at 11-13).

Because these matters are now deemed conclusively established, no reasonable person could find that defendants breached their duty of care to plaintiff, and no triable issue exists on her claim for negligence. *See Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 916 (Ky. 2013). Summary judgment is thus appropriate. *Id.*

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that defendants' motion for summary judgment and to have requests for admissions deemed admitted (Doc. 14) be,

3

and is hereby, **GRANTED**. A separate judgment shall enter concurrently herewith.

This 13th day of November 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge